DIAZ, J.,
for the Court:
¶ 1. J.C. and Debra Johnson appeal the trial judge’s decision granting a directed verdict in favor of the appellees, Diversified Health Services, Inc. and Stan Hamilton. The Johnsons argue (1) that the trial court erred in applying the wrong standard of proof in directing its verdict in favor of the appellees and (2) that the directed verdict was against the overwhelming weight of the evidence. Finding their arguments without merit, we affirm.
FACTS
¶ 2. On March 14, 1990, Garry Johnson was standing near a highway when a car struck him, causing serious injury. As a result, Garry was left with a severe head injury, two broken legs, two broken ribs, and is now in a semieomatose state. Due to Garry’s serious injuries, his parents and the appellants in this case, J.C. and Debra Johnson, were in need of a wheelchair with special features and attachments. Upon Garry’s release from the University Medical Center, his parents received a quote from Abbey Foster, a medical equipment provider, for an Enduro-Optima wheelchair. The Johnsons discussed the matter with Stan Hamilton, owner and operator of Diversified Health Services, Inc., and decided to purchase a comparable wheelchair from Diversified. Hamilton then went to *1052 the Johnson home to measure Garry for a wheelchair. On October 16, 1990, the Johnsons were notified that the wheelchair they had ordered had been received and that they could come and pick it up. The Johnsons paid Hamilton with a check for $2,000 and were instructed to leave the payee’s name off the check. Hamilton pocketed the money from the check then billed Medicaid for the wheelchair. According to Hamilton, the double billing was an honest mistake and as soon as he realized his error, he reimbursed Medicaid for the overcharge.
¶ 3. The Johnsons were unsuccessful in fitting Garry in the wheelchair they had purchased from Diversified, so they were forced to order a special chair from the Blake Clinic in Jackson. J.C. Johnson then returned the original wheelchair to Diversified. According to Mr. Johnson, Hamilton contacted him some time later and told him that nothing could be done with the wheelchair and advised Mr. Johnson to come back and pick up the chair. On December 13, 1992, the Johnsons’ home burned, and the wheelchair was destroyed in the fire.
¶4. On March 21, 1991, the Johnsons filed suit against Diversified and Stan Hamilton seeking $2,000 for the amount paid for the wheelchair, compensatory damages, punitive damages, and attorney’s fees. The trial began on July 29, 1997, during which time Hamilton denied knowing that the Johnsons were angry about the wheelchair they had purchased and denied intentionally defrauding either the Johnsons or Medicaid. At the close of the Johnsons’ case-in-chief, Diversified moved for a directed verdict alleging that the Johnsons had failed to prove any fraud or gross negligence on the part of Diversified which would justify the imposition of punitive damages. The trial judge agreed and allowed the jury to consider only the John-sons’ claim for $2,000. At the conclusion of trial, the jury returned its verdict finding in favor of the Johnsons and assessed their damages at $2,000. The Johnsons have now filed their appeal contesting the trial court’s directed verdict ruling.
DISCUSSION
I. DID THE TRIAL COURT ERR IN APPLYING THE WRONG STANDARD OF PROOF IN DIRECTING ITS VERDICT IN FAVOR OF THE APPELLEES?
¶ 5. The Johnsons first argue that the trial court committed reversible error when it applied an improper standard of “clear and convincing evidence” to their punitive damages claim instead of the more appropriate “preponderance of the evidence” standard of proof. The John-sons maintain that their case against Hamilton and Diversified is exempted from the provisions of Miss.Code Ann. § 11 — 1— 65(l)(a) (Supp.1998) in that the “clear and convincing evidence” standard does not apply to contracts, see Miss.Code Ann. § 11— l-65(2)(a) (Supp.1998), and that therefore, the issue of punitive damages must be governed by the common law standard of “preponderance of the evidence.”
¶ 6. The statute at issue in this case provides as follows: “Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.” Miss.Code Ann. § 11 — 1— 65(l)(a) (Supp.1998) (emphasis added). The statute then adds that contracts are not subject to the provisions of Section 11-1-65. Miss.Code Ann. § ll-l-65(2)(a) (Supp.1998).
¶ 7. In directing its verdict for the appel-lees on the issue of punitive damages, the trial court found that the Johnsons had failed to establish by clear and convincing evidence that the appellees had committed fraud or had acted in a grossly negligent manner. Nevertheless, the trial judge did permit the jury to consider the Johnsons’ *1053 $2,000 claim against Hamilton and Diversified. The record reflects that the trial court applied the “clear and convincing” standard to only the non-contractual issues. Thus, the appellants’ first assignment of error asking this Court to reverse based upon an erroneous standard of proof must fail.
II. WAS THE DIRECTED VERDICT IN FAVOR OF THE APPELLEES AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 8. Section 11 — 1—65(l)(d) of the Mississippi Code vests the trial court with the authority to determine whether the issue of punitive damages may be submitted to the jury. Acting within his statutory authority, the trial judge in this ease concluded that the jury should only be allowed to consider the Johnsons’ purely contractual claim against Hamilton and Diversified.
¶ 9. On appeal, the Johnsons contend that the trial judge erred in granting the appellees’ motion for directed verdict.
In considering whether to grant a directed verdict, the trial judge should look to the testimony on behalf of the opposing party; if such testimony, along with all reasonable inferences which can be drawn therefrom, could support a verdict for that party, the case should not be taken from the jury.
Lewis v. Hiatt, 683 So.2d 937, 944 (Miss.1996).
¶ 10. After a careful review of the record, we conclude that no reasonable fact finder could be convinced that the appel-lees’ defrauded the Johnsons or that their conduct rose to a level of gross negligence justifying the imposition of punitive damages. According to the trial testimony, the Johnsons ordered a wheelchair for Garry, and when it arrived, the Johnsons were dissatisfied with what they had received. Nevertheless, the Johnsons accepted and paid for the wheelchair. The trial court concluded that the facts failed to support a viable claim for punitive damages. We agree. Accordingly, we decline the Johnsons’ invitation to hold the trial judge in error on this issue.
¶ 11. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
IRVING, J., CONCURS IN RESULT ONLY.